UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CASEY W. GIBSON #355175    )
                          )
v.                        )    NO. 2:04-CV-366
                          )
SHERIFF WAYNE ANDERSON    )

## MEMORANDUM and ORDER

Casey W. Gibson, a state prisoner in the Sullivan County Detention Center (SCDC), brings this *pro se* civil rights case under 42 U.S.C. § 1983, alleging that he is being subjected to unconstitutional confinement conditions. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

    <u>or</u>

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

> (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is imprisoned, to ensure compliance with the above fee-assessment procedures.

In his standardized complaint form, the plaintiff states his claims as follows:

 1. Overcrowding in the Jail in my cell
 2. The Jail is not clean
 3. I've received bug bites on my skin Bad ones
 4. Medicial (sic) Staff
 5. When the jury comes to look at Jail, they don't ever come down in the cells downstairs where we're at. I know of one time thay (sic) came down here but thay (sic) just looked at the floor with the camra (sic).

Compl. at ¶ 4. On a separate sheet of paper attached to the complaint, the plaintiff

---

[2] Send the payments to:   Clerk's Office, USDC
                            220 West Depot Street, Ste. 200
                            Greeneville, TN 37743.

elaborates on these claims and adds several others, including allegations that the inmates have no place to sit at mealtime; that they are allotted only 1- 2 hours per week for recreation; and that SCDC's medical care providers are unconcerned about the health of the inmates, as demonstrated by the manner in which inmates who have contracted a staph infection are treated: They are placed in segregated confinement.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown*)). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner

3

bears the burden of showing that he has exhausted his remedies. *Brown,* 139 F.3d at 1104. A district court must enforce the exhaustion requirement *sua sponte. Id.*

The plaintiff asserts in paragraph II of his complaint that the SCDC has a prisoner grievance procedure; that he presented the facts relating to his claims through the grievance system; and that, though fifteen days have passed since he filed the grievance, he has received no response. In his attachment to his pleading, he further maintains that he has been writing and "greiving (sic) over this problem for a few months" and has not received a response to his complaints.

The plaintiff, however, has not attached a copy of any of his grievances. Nor has he specifically described the nature of the grievances. *Knuckles El*, 215 F.3d at 642. Apart from his conclusory assertions, there is absolutely no evidence to show that the plaintiff has exhausted his administrative remedies by presenting the facts underlying his § 1983 claims to the jail authorities. *Williams v. Johnson*, 20 Fed.Appx. 365, *367, 2001 WL 1136022, **1 (6th Cir. Sept. 20, 2001).

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint

4

when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

The Court has reviewed the plaintiff's allegations concerning the exhaustion issue and does not find that he has made particularized averments to show that he has exhausted his administrative remedies as to all claims raised in his complaint. Accordingly, because the plaintiff has the burden of showing he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter.

**ENTER:**

_____
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

5